Nott, J.,
delivered the opinion of the court:
This action was brought in April, 1876; a number of depositions have been taken by the claimant; the executive departments have been subjected to the expense and trouble of furnishing a cumbrous mass of documents; and the case comes to a hearing upon a bulky printed record of more than 200 pages. Yet, it is manifest that there is no issue of fact between the parties; that the whole controversy is to be found in one or *457 two questions of law, and that the case might have been determined as well upon demurrer.
The court takes this opportunity to express its regret at the needless expense and needless delay which in many cases embarrass rather than aid the administration of justice, and it expresses this regret the more freely in the present case because the unnecessary burden has been borne by both parties. If' the petition here had been made definite and certain, as it might have been on motion, and if the defendants had then demurred to it, with a reservation as to the assessment of damages should the case be determined against them, the entire controversy might have been intelligently considered five years ago, and much labor and expense have been saved.
The controversy in this case primarily depends upon the construction which should be given to a single article of the contract in suit. That contract was made by an officer of the Quartermaster Department $ and the article referred to, so far-as it needs construing, is in these words:
“Aiíticle I. That the said Hiram K. Hazlett shall furnish all the steamboat transportation required by the United States Government for officers and soldiers on the Missouri Eiver * * * at any time from March 20, 1870, to October 31, 1870, and shall receive at any time during said period from the officers or agents of the Quartermaster Department all such military, Indian, and government stores, supplies, wagons, and stock as may be offered or turned over to him for transportation, in good order and condition, by said officers or agents of the Quartermaster Department, and transport the same with dispatch, and deliver them in like good order and condition to the officer or agent of the Quartermaster Department designated to receive them.”
Of this article of the contract, the claimant maintains:
1st. That it casts a reciprocal obligation upon the defendants, and binds them to furnish exclusively to the claimant for transportation all of the material which it binds him to transport.
2d. That it extends to all Indian supplies whatsoever for which the government might need transportation over the designated route during the designated period; and, hence, that it was a breach for the Commissioner of Indian Affairs to transport supplies by his own contractors, and that for such breach; *458 tbe claimant is entitled to recover tlie profits which he would have made if permitted to perform.
As to the first proposition, we are not disposed to doubt that the contract comes within the decision of the Supreme Court in Speed’s Case., (8 Wall., 77), and is not to be determined by the decision of the court of Queen’s Bench in Churchward v. The Queen (1 L. It. Q. B., 173), and we are not unmindful that the Supreme Court has intimated, of a similar transportation contract, almost identical in terms, that the government would be responsible in damages if it had sent through other parties those supplies which it could compel the claimant to carry under his contract. (Caldwell’s Case, 19 Wall., 264, 270.)
As to the second proposition it seems clear — it indeed seems to us too plain for discussion — that the contract only required the claimant to “receive” Indian supplies from “ the officers or agents of the Quartermaster Department,” and only required him to “transport” such as should be turned over to him “by said officers or agents of the Quartermaster Department.” The contract does not extend in terms to Indian supplies in the custody and ■possession of any other bureau or department of the government, and upon no principle of interpretation can its subject-matter be extended from matters within the jurisdiction and control of the department which made it to matters over which that department had no control, and which by law are confided to the administration of another bureau. In the contemplation of the contract the claimant was bound to transport such goods as should be turned over to him by the Quartermaster Department, and he was not bound to transport goods which the Quartermaster Department idid not turn over to him; conversely he had a right to transport such goods as came to the official care and custody of the Quartermaster Department, and he had no right to the transportation of goods which were never in the custody of the Quartermaster Department, over which it had no legal control, and of the existence of which in contemplation of law it had neither knowledge nor responsibility. When the parties entered into this contract both knew that there would be government supplies coming to the official care and custody of the Quartermaster Department for which it would require river transportation, and that there would be ■other government supplies which would never come to the actual ■or official custody of the Quartermaster Department, over which *459 it could exercise no legal control, and for which it could require no transportation. The contract referred to the former; the present action relates to the latter. In our opinion the defendants have been guilty of no breach, and the claimant has suffered no damages.
It is proper to add that the defendants have produced a large mass of official correspondence tending to show that General Bueker’s authority in making a contract for the transportation of Indian supplies was limited to certain supplies specially appropriated for by the Aet 10 April, 1869 (16 Stat. L., 40, ch. 16, § 4); and that the claimant’s counsel has submitted an elaborate argument to establish an implied ratification of the contract growing out of the action of the Commissioner of Indian Affairs in authorizing the transportation of Indian supplies by the Quartermaster Department. But as, in the opinion of the court, the contract did not extend to supplies transported by the Commissioner of Indian Affairs, it is needless to examine those questions.
The judgment of the court is that the petition be dismissed.